IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **THE HEALTH ADVENTURE,** | ) Case No. 11-10299/Chapter 11 Proceeding |
| **INC.,** | ) |
| | ) |
| Debtor. | ) |

## MOTION TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS UPON SHORTENED NOTICE

The debtor/debtor-in-possession moves the Court, alleges and says:

1. By this motion, the debtor seeks authority to sell the assets used in the operation of its facility (the "Purchased Assets") to Health Adventure Education Foundation, a division of Sunsystem Development Corporation, or its designee ("Purchaser"), pursuant to the Term Sheet attached hereto as Exhibit A, and an Asset Purchase Agreement to be entered into between the debtor and Purchaser (together with its schedules, exhibits, ancillary agreements and amendments, the "APA"), free and clear of liens, claims, encumbrances and other interests, pursuant to §§ 105(a), 363(b), (f) and (m), and 365 of the Bankruptcy Code.[1] The Purchaser is not affiliated with the debtor.

2. The debtor filed voluntary Chapter 11 on March 28, 2011.

3. The debtor is a non-profit health education and information service located in Buncombe County, North Carolina and has operated in Asheville, North Carolina for more than 20 years. The debtor provides an important and well-regarded community resource that helps families, and particularly children, to learn about health, biological and physical sciences, technology, and the scientific process, through a series of creative, engaging, hands-on exhibits and experiences. Since 1968, thousands of families in Buncombe county and surrounding areas have visited, enjoyed, and learned from the debtor's facility. The debtor's goal, in filing this bankruptcy case and bringing this motion before the Court, is to enable the community to continue to have access to this valuable resource, under not-for-profit ownership, despite the financial problems facing the debtor.

---

[1] This motion and the annexed Term Sheet contain a general description of the transaction. In the event of any inconsistency between the description contained herein and the APA, the APA -- which sets forth in detail the terms of the sale -- shall govern and control. The APA will be filed with the Court as soon as it is finalized, and prior to the hearing on this motion.

{00197839 v 2}52146403v2

      4.     The debtor/debtor-in-possession has assets listed on Schedule B of its Schedule of Assets and Liabilities with a value of approximately $35,000.00 including exhibits, furniture/fixtures/equipment, a vehicle, trademark and website.

      5.     The debtor had been engaged, in the last three years, in a project to obtain construction of a new building to house the debtor's operation. The construction costs were to be paid by grants, donations and contributions which, in the current economic climate, have not been made in the amounts that would have been necessary to complete this project. The construction project has failed and cannot be completed. The debts incurred by the debtor cannot be paid.

      6.     The debtor owes approximately $3 million which was involved in the failed construction project: Carolina First Bank (approx. $1.3 million), Beverly-Grant, Inc. (approx. $785,000.00) and Pisgah Community Bank (approx. $1 million).

      7.     The debtor/debtor-in-possession listed debt of $1,090,322.65 on Schedule F of its petition; however, of that amount $918,265.07/plus is disputed/contingent/unliquidated amounts to five (5) contractor/subcontractor creditors involved with the failed construction project; the debtor/debtor-in-possession has regular debt incurred in debtor/debtor-in-possession's day to day operation of approximately $172,057.69 owed to 12 creditors.

      8.     In accordance with a Plan of Agreement effective July 24, 1997 (as amended and together with all schedules and exhibits, the "Plan of Agreement"), the debtor operates from a public facility, the Pack Place Education, Arts & Science Center, located at 2 S. Pack Square, in downtown Asheville, North Carolina (the "Facility") by agreement from the owner of the Facility, Pack Place, Inc., a non-profit corporation. The County of Buncombe provides some of the operating expenses for Pack Place and The Health Adventure. The County and Pack Place have agreed that Purchaser may continue to occupy and operate in the Facility, following closing of the sale, on the same terms as the debtor has operated prior to the petition date. Accordingly, by this motion the debtor seeks authority to assume and assign to Purchaser its rights and interests under the Plan of Agreement. The debtor is not in default under the Plan of Agreement and accordingly no cure payment is owed in connection with such assumption and assignment.

      9.     The debtor's tangible assets are of minimal value because of their nature, health education exhibits with no real saleable value and regular office furniture and equipment, all of which is five/plus years old and, if moved, would have much less of a value. The debtor owns a vehicle that has a value of $13,500.00 and a bank account with approximately $4,000.00 on deposit. The name "The Health Adventure" is a trademark owned by the debtor and the debtor also owns a website, www.TheHealthAdventure.org, neither of which have any realizable value.

      10.    The debtor desires to have the educational operation it has performed continue but, at this time, cannot provide for that service to the region. A charitable institution associated with a local hospital, Park Ridge Health, has agreed to acquire certain assets of the debtor and intends to maintain and advance the mission of The Health Adventure. The debtor is nonprofit

and, unfortunately, has no other means to generate any payment to its creditors; without this sale, The Health Adventure will cease operation.[2]

11.     The debtor has entered into a Term Sheet by which Purchaser will purchase all or substantially all of the assets of The Health Adventure, Inc. used in its operations for $30,000 and continue the operation of this educational facility as a public service.

12.     The debtor may assume and assign to Purchaser, in Purchaser's sole discretion, other contracts or leases used in the operation of the facility as identified in the APA or a schedule to the APA.  As to any contract or lease that may be actually assumed and assigned or otherwise transferred to Purchaser, the debtor does not know of any defaults that would create any cure claim by the other party to such contract or lease.

13.     The debtor/debtor-in-possession does not believe that any of its personal property assets are subject to valid liens; however, the requested sale is to be free and clear of all possible liens, interests, claims and encumbrances on the Purchased Assets, pursuant to Bankruptcy Code §363(f), with any valid liens, interests, claims and encumbrances to attach to the sale proceeds. The debtor seeks a determination that Purchaser will not be liable for any claims against the debtor, under any successor or transferee liability theories or otherwise.  A sale free and clear of liens, claims, encumbrances and other interests is necessary in order to induce Purchaser to enter into this transaction.  A sale free and clear of liens, claims, encumbrances and other interests is appropriate under §363(f) because any liens, claims, encumbrances or interests asserted on the Purchased Assets are subject to a *bona fide* dispute and because any lien holder could be compelled to accept a monetary satisfaction of its alleged lien.  See §§ 363(f)(4) and (f)(5).

14.     It is in the best interest of the creditors, the Chapter 11 Estate and other parties in interest to allow the sale of assets between the debtor/debtor-in-possession and Purchaser.  It is also in the best interest of the community, and consistent with the mission of the non-profit debtor and the directors' duty to seek to continue that mission, to consummate this sale.  See In re United Healthcare Sys., No. 97-1159 (NHP), 1997 U.S. Dist. LEXIS 5090, at *20-21 (D. N.J. Mar. 26, 1997) (holding that a sale which will continue the mission of a non-profit children's hospital should be approved even in the face of a bid for more money because "the Board of [the debtor], a non-profit organization, had a fiduciary obligation to maintain the legacy of the Children's Hospital").  The debtor believes an expedited sale is necessary to prevent further erosion in the operations of the debtor and to continue The Health Adventure operation, without interruption.  Accordingly, the debtor has demonstrated that a sound business purpose justifies an expedited sale to Purchaser and the Court should find that good cause exists to grant the relief requested herein.

15.     The negotiation of the sale and the APA has been done in good faith and at arm's-length.  There has been no collusion of the type prohibited by §363(n) of the Bankruptcy Code.

---

[2] Prior to the petition date, the debtor explored alternative transactions, including seeking donations and pursuing a sale outside of bankruptcy.  However, the universe of potential buyers for these unusual assets is obviously quite limited, and the debtor was not able to find any other buyer who would be willing to buy the debtor's assets and continue to operate the Health Adventure.  The debtor also considered a stand-alone reorganization, but concluded that this is not possible given the limited resources and significant liabilities of the debtor.

Accordingly, the Court should find that Purchaser is entitled to the protections afforded to a good faith buyer under §363(m) of the Bankruptcy Code. In light of the need to consummate the sale expeditiously, in order to assure uninterrupted operation of the Health Adventure facility, the debtor requests the Court to waive any stay that would otherwise apply under Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure.

16. The debtor has provided notice of this motion to all known creditors, all parties who have filed financing statements against the debtor, the Bankruptcy Administrator, to all counterparties to all executory contracts or unexpired leases, and any person or entity who has expressed an interest in purchasing assets from the debtor. Such notice is good and sufficient, and complies with the Bankruptcy Code and all applicable rules.

THEREFORE, the debtor/debtor-in-possession respectfully requests that the Court enter an order, in the form attached hereto as Exhibit B:

1. Approving the sale of the Purchased Assets to Purchaser, for $30,000, as outlined above and pursuant to the APA, free and clear of all liens, claims, encumbrances and other interests, with any valid liens, claims, encumbrances and interests to attach solely to the sale proceeds pursuant to 11 USC §§363(b) and (f), and subject to any defenses the estate may have with respect to any such asserted liens, claims, encumbrances or interests..

2. Authorizing the debtor to enter into the APA and finding that the decision of the debtor to consummate the sale of the Purchased Assets on the terms and conditions set forth in the APA represents a sound exercise of the debtor's business judgment.

3. Finding that Purchaser is an arm's-length purchaser in good faith and is entitled to all of the benefits and protections afforded by §363(m) of the Bankruptcy Code and that the consideration provided by Purchaser for the Purchased Assets is fair and reasonable.

4. Finding that notice given by the debtor of this motion and the sale was sufficient under the circumstances and appropriate.

5. Authorizing assumption and assignment to Purchaser of the debtor's rights under the Plan of Agreement and providing that Purchaser shall have the right to occupy and operate out of the Facility on the same terms on which the debtor has occupied the Facility and Purchaser shall have and be entitled to all of the rights, benefits and privileges afforded to the debtor in connection with the Plan of Agreement.

6. Authorizing assumption and assignment to Purchaser of any other executory contracts or unexpired leases identified in the APA or a schedule to the APA as determined by Purchaser to be necessary for the operation of the facility.

Document      Page 5 of 5

7. Granting other appropriate relief as is just and proper.

This 28th day of March, 2011.

/s/ David G. Gray

David G. Gray, Attorney for Debtor/D.I.P.
N. C. State Bar No. 1733

WESTALL, GRAY, CONNOLLY & DAVIS, P.A.
81 Central Avenue
Asheville, North Carolina  28801
Tel:  (828) 254-6315
Fax:  (828) 255-0305